

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| NCB, FSB, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:09-0318-HFF |
| | § | |
| AMERICAN PAST TIMES, INC. et al., | § | |
|     Defendant | § | |

## ORDER

This case was filed as a commercial collection action. The matter is before the Court for consideration of Plaintiff NCB, FSB's motions for default judgment as to Defendant Carey J. Willis and Defendant American Past Times, Inc. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Having carefully considered the motions, the record, and the applicable law, it is the judgment of this Court that the motions are hereby **GRANTED** as provided below.

On motion of Plaintiff NCB, FSB, the Court makes the following findings and holdings:

that more than thirty (30) days have elapsed since service of the complaint and summons, exclusive of the date of service;

that Defendant Carey J. Willis and Defendant American Past Times, Inc. have not filed an Answer or any other pleading that is required by the Summons;

that Defendant Carey J. Willis and Defendant American Past Times, Inc. are not infants or incompetent persons and have not been in the military service of the United States since the filing of this lawsuit or for a period of six (6) months prior to such filing;

that Defendant Carey J. Willis and Defendant American Past Times, Inc. are in default;

that an affidavit of account was filed with the original complaint and was served upon Defendant Carey J. Willis and Defendant American Past Times, Inc.;

that an affidavit of attorneys fees of counsel for Plaintiff NCB, FSB was filed;

that notice of this motion, including a copy of the motion and a copy of the affidavit of attorneys fees, was served upon Defendant Carey J. Willis and Defendant American Past Times, Inc. by first class mail to the same address at which they were served with the complaint and summons;

that no objection has been filed by Defendant Carey J. Willis and Defendant American Past Times, Inc. to the motions for default or the affidavit of attorneys fees;

and that based on the complaint, affidavit and verification of account and attachments to Plaintiff NCB, FSB's motion for entry of default judgment, with regard to the fixing of the amount of attorneys fees, the Court considered the following factors:

**The Nature, Extent and Difficulty of the Legal Services Rendered.**

This is an ordinary commercial collection action, but one in which, after the entry of judgment, enforced collection through the courts appears to be required.

**The Time and Labor Necessarily Devoted to the Case.**

The time expended by counsel for Plaintiff NCB, FSB has been substantiated by his affidavit and such time is reasonable under the circumstances. Moreover, additional time will apparently be required to enforce collection.

**The Professional Standing of Counsel.**

Counsel for Plaintiff NCB, FSB is a certified specialist in Bankruptcy and Debtor-Creditor law and has more than thirty-three years experience in such matters.

**The Contingency of Compensation.**

The compensation to be received by counsel for Plaintiff NCB, FSB is not contingent upon recovery from the defendants.

**The Fee Customarily Charged in the Locality for Similar Legal Services.**

A fee, as requested, in the amount of $1,062.50 as to Defendant Carey J. Willis and $1,225.00 as to Defendant American Past Times, Inc. is customary and reasonable under the circumstances.

**The Beneficial Results Obtained.**

A substantial judgment has been obtained that will apparently require additional collection efforts.

Based upon the above findings and the other circumstances of the case, an award of attorneys fees of One Thousand Sixty-two and 50/100 ($1,062.50) Dollars against Defendant Carey J. Willis and an award of One Thousand Two Hundred Twenty-five and No/100 ($1,225.00) Dollars against Defendant American Past Times, Inc. are appropriate and will be granted. Accordingly,

**IT IS ORDERED ADJUDGED AND DECREED** that Plaintiff NCB, FSB's motion for entry of default judgment be granted and judgment by default is hereby rendered in favor of Plaintiff NCB, FSB and against Defendant Carey J. Willis and Defendant American Past Times, Inc. in the full and true sum of Three Hundred Eight Thousand Eight Hundred Eighty-seven and 27/100 ($308,887.27) Dollars composed of the following:

| | |
|---|---|
| Principal | $301,016.89 |
| Interest | $7,136.60 |
| Late Fees | $733.78 |
| Total | $308,887.27 |

with interest at the rate of Five and 25/100 (5.25%) percent per annum on the principal balance (being $43.60 per diem) after January 27, 2009 through the date of judgment with the total amount of the judgment being calculated as follows:

| | |
|---|---|
| Principal | $301,016.89 |
| Interest through 1/27/09 | $ 7,136.60 |
| Late Fees | $ 733.78 |
| Interest 1/28/09 to 05/06/09 99 days @ $43.60/day | $ 4,316.40 |
| Total Judgment | $313,203.67 |

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that Plaintiff NCB, FSB's motions for awards of reasonable attorneys fees against each defendant be granted and judgment by default is hereby rendered in favor of Plaintiff NCB, FSB and against:

a. Defendant Carey J. Willis for reasonable attorneys fees in the amount of One Thousand Sixty-two and 50/100 ($1,062.50) Dollars; and

b. Defendant American Past Times, Inc. in the amount of One Thousand Two Hundred Twenty-five and No/100 ($1,225.00) Dollars

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that judgments and awards made above shall bear interest at the federal post judgment rate after the date of this judgment until paid.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that there be Judgment in favor of Plaintiff NCB, FSB and against Defendant American Past Times, Inc.

a. In the event delivery of possession cannot be obtained, this Court retains jurisdiction to enter judgment in Plaintiff NCB, FSB's favor and against

4

        Defendant American Past Times, Inc. for the value of Defendant American Past Times, Inc.'s Collateral and for damages, both punitive and actual for the wrongful detention.

b.     Upon finality thereof and in the event the Debtor Defendants should fail to deliver to Plaintiff NCB, FSB Defendant American Past Times, Inc.'s Collateral, upon request of Plaintiff NCB, FSB, an order in aid of enforcement of the judgment shall be entered directing the U.S. Marshal to take possession or to discover the location of and take immediate possession of Defendant American Past Times, Inc.'s Collateral.

c.     In the event the U.S. Marshal is unable to locate Defendant American Past Times, Inc.'s Collateral, or if the Debtor Defendants or their agents or assignees, have concealed Defendant American Past Times, Inc.'s Collateral, that:

    (1)     The U.S. Marshal is directed to question the Debtor Defendants and their or their agents or assignees regarding the location of Defendant American Past Times, Inc.'s Collateral, and to seize the same;

    (2)     The Debtor Defendants their agents and assignees are ordered to cooperate with the U.S. Marshal in locating and seizing Defendant American Past Times, Inc.'s Collateral; and

    (3)     If Defendant American Past Times, Inc.'s Collateral is concealed, the Debtor Defendants are ordered to inform the U.S. Marshal of the location and whereabouts of the same; and

    (4)     If Defendant American Past Times, Inc.'s Collateral or any part thereof be concealed in a building or enclosure the U.S. Marshal may be requested to publicly demand its delivery; and

    (5) If Defendant American Past Times, Inc.'s Collateral or any part thereof be not delivered, the U.S. Marshal may be requested by Plaintiff NCB, FSB to cause the building or enclosure to be broken open and take Defendant American Past Times, Inc.'s Collateral into his possession.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that there be judgment in favor of Plaintiff NCB, FSB and against Defendant American Past Times, Inc. directing the U.S. Marshal upon obtaining possession of Defendant American Past Times, Inc.'s Collateral to then immediately turn the same over to Plaintiff NCB, FSB for sale and disposal in a commercially reasonable manner.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Carey J. Willis and Defendant American Past Times, Inc. shall pay all costs.

Signed this 7th day of May, 2009, in Spartanburg, South Carolina.

                s/ Henry F. Floyd
                HENRY F. FLOYD
                UNITED STATES DISTRICT JUDGE